**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-30998
(Summary Calendar)

_____


In Re:  HARRY J. MOREL, St. Charles Parish
District Attorney; KURT SINS, St. Charles
Parish Assistant District Attorney,

                                                    Petitioners,

MURPHY MARTIN COMARDELLE,

                                            Plaintiff-Respondent.

Consolidated with

_____

Nos. 98-31001 and 98-31222

_____


MURPHY MARTIN COMARDELLE,

                                            Plaintiff-Appellee,

versus


POLLIS HERNANDEZ, also known as Pookie
Hernandez; ET AL.,

                                                    Defendants,

HARRY J. MOREL, St. Charles Parish District
Attorney; KURT SINS, St. Charles Parish
Assistant District Attorney,

                                            Defendants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court
for the Eastern District of Louisiana
(98-CV-679-I)
- - - - - - - - - -

July 25, 2000

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioners Harry J. Morel and Kurt Sins request rehearing of our affirmance of the district court's refusal to grant their motion to dismiss, on the basis of absolute immunity, the claims filed against them under 42 U.S.C. § 1983 in their official capacities. As the claims brought against Morel and Sins have all effectively been dismissed, we grant rehearing and reverse the district court's ruling only insofar as it failed to grant the Defendant-Appellants' motion to dismiss the claims brought against them in their official capacities.[1]

Plaintiff-Appellee initially brought these claims against Morel and Sins and against the St. Charles Parish District Attorneys Office ("the DA's office"). Shortly thereafter, by ex parte motion, Plaintiff voluntarily dismissed inter alia all claims against the DA's office and that order was entered by the district court. Several months later, Defendant-Appellants filed a motion to dismiss the claims brought against them, asserting defenses of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] To decide this case, it is not necessary to address the jurisdictional issue advanced by the prosecutors, of immunity under the Eleventh Amendment. As all claims against Defendant-Appellants have been dismissed, the question of Eleventh Amendment immunity has been rendered moot.

absolute and qualified immunity as well as Eleventh Amendment immunity. The district court granted that motion in part, on the grounds of absolute prosecutorial immunity, dismissing all claims brought against Morel and Sins in their individual capacities. Holding that the plaintiff's complaint also asserted claims against Defendants-Appellants in their official capacity, the district court refused to dismiss those claims.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[2] The claims brought by Plaintiff-Appellee against Morel and Sins in their official prosecutorial capacities are thus claims against the DA's office. When the court granted Plaintiffs' motion and entered an order dismissing their claims against the DA's office, the court effectively dismissed the claims brought against Morel and Sins in their official prosecutorial capacities. The district court therefore erred in not formally dismissing the claims asserted against Defendants-Appellants in their official capacities.

We grant the Defendants-Appellants' motion for rehearing and now affirm the district court to the extent it granted the Defendants-Appellants' motion to dismiss the claims brought against them in their individual capacities on the grounds that those claims are barred by absolute prosecutorial immunity; however, we

---

[2] <u>Will v. Michigan</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

reverse that order insofar as it failed to dismiss the claims brought against the prosecutors in their official capacities and remand to the district court to enter an order dismissing the claims.[3]

MOTION FOR REHEARING GRANTED; DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS.

---

[3] Three other motions were filed in this matter. Defendant-Appellants filed a motion to strike the exhibits attached to plaintiff-appellee's response to the petition for rehearing. The Louisiana District Attorney Association filed a motion to file an amicus brief on behalf of Morel and Sins. Finally, Plaintiff-Appellee filed a motion for leave to file a response to the amicus brief of the Louisiana District Attorney Association. The motion to strike and the motion to file an amicus brief are denied. Leave to file a response brief is denied as moot.